[928 NYS2d 550]

In the Matter of ANDREW SCOTT DONNER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 9, 2011

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michelle Filosa* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a superseding petition dated May 26, 2010, containing 17 charges of professional misconduct. After a hearing on October 22, 2010, at which the respondent appeared pro se, the Special Referee sustained all 17 charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent has neither opposed the motion nor submitted any papers in reply.

Charges one through five of the petition emanate from six client complaints, as follows:

### The Teitelbaum Complaint

In or about January 2006, Lisa Teitelbaum retained the respondent to represent her in a matrimonial action. Teitelbaum paid the respondent a legal fee in the sum of $5,000. After filing a summons with notice on Teitelbaum's behalf in or about February 2006, the respondent failed to perform any further legal work on Teitelbaum's matter and failed to return her telephone calls. By letter dated June 9, 2006, Teitelbaum's new attorneys requested that the respondent execute a consent to change attorney form and provide Teitelbaum's file along with any refund due from the balance of her retainer. The respondent failed to respond. By letter dated June 15, 2006, Teitelbaum's new attorneys again requested that the respondent execute a consent to change attorney form and provide Teitelbaum's file and refund. The respondent failed to respond. By letter dated June 19, 2006, Teitelbaum's new attorneys demanded that the respondent provide an executed change of attorney form and

Teitelbaum's file. The respondent signed the consent to change attorney form, but failed to refund the unused balance of Teitelbaum's retainer. By letter dated July 20, 2006, Teitelbaum's new attorneys demanded that the respondent immediately refund Teitelbaum's outstanding retainer balance in the sum of $3,881.30. The respondent failed to respond.

By letter dated August 21, 2006, the respondent was provided with a copy of a written complaint dated August 10, 2006, which Teitelbaum had filed against the respondent with the Grievance Committee. The respondent was directed to submit his written answer within 15 days. The respondent failed to reply. By certified letter dated September 21, 2006, the respondent was directed to submit his written answer to the Teitelbaum complaint within 10 days. The respondent failed to reply. By certified letter dated October 24, 2006, the respondent was again directed to submit his written answer to the Teitelbaum complaint within 10 days. The respondent failed to reply. On or about November 15, 2006, the respondent advised the Grievance Committee by telephone that he had mailed an answer to the Teitelbaum complaint and that he would mail another copy to the Grievance Committee forthwith. As of December 20, 2006, the respondent had failed to submit an answer. By certified letter dated December 20, 2006, the respondent was directed to submit his written answer to the Teitelbaum complaint no later than December 27, 2006. The respondent failed to submit an answer as directed.

On January 26, 2007, a subpoena duces tecum was served at the respondent's place of business, directing him to appear at the offices of the Grievance Committee on February 2, 2007, to give testimony and produce, inter alia, a copy of his written answer to the Teitelbaum complaint, as well as a copy of the Teitelbaum file. On February 1, 2007, the respondent requested, and was granted, an extension of time, and agreed to submit his answer forthwith. The respondent thereafter produced written answers dated February 2, 2007 and February 7, 2007, respectively, which were received by the Grievance Committee on February 6, 2007 and February 15, 2007, respectively. In his answers, the respondent acknowledged that Teitelbaum was entitled to a refund in the sum of $3,881.30 and that he would make payment in full "no later than 30 days" from February 7, 2007.

By letter dated April 10, 2007, the Grievance Committee directed the respondent to provide, within 10 days of his receipt

of the letter, an explanation for the delay in refunding to Teitelbaum the unused portion of her retainer. The respondent failed to answer. By certified letter dated May 2, 2007, the respondent was directed to respond to the Grievance Committee's previous inquiry of April 10, 2007 within five days. The respondent failed to answer. By letter hand-delivered to the respondent's office on May 25, 2007, the respondent was directed to submit a response to the letter dated April 10, 2007 within five days. By letter dated June 8, 2007, the respondent submitted a response. Thereafter, in or about July 2007, the respondent mailed Teitelbaum a partial refund in the sum of $500. However, the respondent failed to refund the full amount due to Teitelbaum.

By letter dated December 6, 2007, the respondent was directed to provide a written update on the status of Teitelbaum's refund within 10 days. The respondent failed to respond. On January 10, 2008, the respondent agreed in a telephone conversation to submit a written update forthwith. He thereafter submitted a response dated January 12, 2008, in which he advised that he had made another partial payment to Teitelbaum in the sum of $500. By letter dated April 25, 2008, the respondent advised that although he had intended to make the above-referenced second partial payment to Teitelbaum in the sum of $500, he did not actually do so. By certified letter dated November 5, 2008, the respondent was directed to submit a written update on the status of Teitelbaum's refund within five days. In the absence of a response, the respondent was requested, by letter dated December 9, 2008, to schedule an examination under oath at the offices of the Grievance Committee. The respondent failed to either respond to the letter dated November 5, 2008, or schedule an examination under oath.

On December 22, 2008, the respondent was served with a judicial subpoena directing him to appear at the offices of the Grievance Committee to give sworn testimony regarding, inter alia, the Teitelbaum complaint. On January 28, 2009, the respondent appeared and testified under oath. By subsequent letter dated February 8, 2009, the respondent advised that he had mailed Teitelbaum another partial refund in the sum of $300, to be credited against the $3,381.30 balance.

## The Ratcliff Complaint

In or about August 2005, the respondent was retained by Vance E. Ratcliff for "the negotiation, preparation, and/or review of a separation agreement or other marital settlement

agreement, and for representation in a divorce action including the attempt to negotiate a resolution in the matter." The respondent thereafter filed a notice of appearance dated October 14, 2005, in Supreme Court, Onondaga County, in connection with the Ratcliff matter. However, the respondent failed to keep Ratcliff apprised of the status of the matter and was unresponsive to Ratcliff's telephone calls. By letter dated March 8, 2006, the respondent was advised of a preliminary conference to be held on April 10, 2006, in which all parties were required to appear. Neither Ratcliff nor the respondent appeared in court on April 10, 2006, and Ratcliff was held in default due to his non-appearance on the matter. On or about May 19, 2006, the respondent spoke with attorney Susan C. Carey, who agreed to appear in Supreme Court, Onondaga County, on May 22, 2006, on behalf of Ratcliff, to request an adjournment. On May 22, 2006, Carey appeared "of counsel" for the respondent and entered into a stipulation. Subsequently, Ratcliff requested his file numerous times from the respondent. The respondent failed to deliver the file to Ratcliff.

By letter dated November 22, 2006, the respondent was provided with a copy of a written complaint dated October 30, 2006, which Ratcliff had filed against the respondent with the Grievance Committee. The respondent was directed to submit a written answer to the Ratcliff complaint within 15 days. The respondent failed to reply. By certified letter dated December 29, 2006, the respondent was directed to submit his written answer to the Ratcliff complaint within five days. The respondent failed to reply.

On January 26, 2007, a subpoena duces tecum was served on the respondent at his place of business, directing him to appear at the offices of the Grievance Committee on February 2, 2007, to give testimony and produce, inter alia, a complete copy of Ratcliff's file. On February 1, 2007, the respondent requested, and was granted, an extension of time to comply with the subpoena. He thereafter produced his written answer dated February 2, 2007, and a complete copy of Ratcliff's file, on February 6, 2007.

By letter dated December 6, 2007, the respondent was directed to explain when, and in what manner, he advised Ratcliff of scheduled court appearances. The respondent failed to reply. On January 10, 2008, the respondent advised that he would submit his written answer forthwith. The respondent's answer, dated January 12, 2008, indicated that he believed he had faxed Rat-

cliff a letter regarding his scheduled court dates, but that he had no proof that he did so.

By letter dated June 27, 2008, the respondent was directed to submit a supplemental written answer within 15 days. The respondent failed to respond. By certified letter dated November 5, 2008, the respondent was directed to submit his supplemental written answer within five days. The respondent failed to respond. By letter dated December 9, 2008, the respondent was requested to schedule an examination under oath at the offices of the Grievance Committee. The respondent failed to do so.

On December 22, 2008, the respondent was served with a judicial subpoena to appear at the offices of the Grievance Committee to give sworn testimony regarding, inter alia, the Ratcliff complaint. On January 28, 2009, the respondent appeared and testified under oath.

## The Groben-Mariani Complaint

In or about June 2006, the respondent was retained by Darlene M. Groben-Mariani to represent her in a divorce proceeding. Groben-Mariani paid the respondent a retainer fee of $5,000 on or about June 2, 2006. The respondent failed to take action on Groben-Mariani's legal matter. On or about January 4, 2007, Groben-Mariani retained a new attorney, Kenneth M. Keith. The respondent failed to respond to calls and letters from new counsel and, despite numerous requests, failed to refund the unused portion of Groben-Mariani's retainer.

By letter dated March 27, 2007, the respondent was provided with a copy of a written complaint dated March 6, 2007, which Groben-Mariani had filed against the respondent with the Grievance Committee. The respondent was directed to submit a written answer to the Groben-Mariani complaint within 15 days. The respondent failed to reply. By certified letter dated April 25, 2007, the respondent was directed to submit his written answer to the Groben-Mariani complaint within 10 days. The respondent failed to reply. By letter dated May 25, 2007, hand-delivered to the respondent's office, the respondent was directed to submit his written answer to the Groben-Mariani complaint within five days. The respondent failed to reply. By telephone on June 5, 2007, the respondent advised that his written answer would be submitted by June 8, 2007. Thereafter, on June 18, 2007, the respondent advised the Grievance Committee by telephone that he had mailed his answer to the Groben-Mariani complaint and that he would submit another copy forthwith. The respondent's

answer, dated June 8, 2007, was received by the Grievance Committee after June 18, 2007. The respondent claimed therein that Groben-Mariani was entitled to a refund of $975 in unearned fees.

On September 12, 2007, after an arbitration hearing, Groben-Mariani was awarded $5,000 for advance legal fees paid to the respondent. That award was memorialized in a judgment on December 11, 2007. However, the respondent failed to satisfy the judgment or move to vacate it.

By letter dated December 6, 2007, the Grievance Committee requested the respondent to provide an update on the status of Groben-Mariani's matter within 10 days. The respondent failed to respond. On January 10, 2008, the respondent advised the Grievance Committee, by telephone, that he would submit his written response to the letter dated December 6, 2007 forthwith. The respondent's answer, dated January 10, 2008, advised that he was interested in arranging a payment plan to reimburse Groben-Mariani. By certified letter dated November 5, 2008, the respondent was again requested to update the Grievance Committee as to the status of Groben-Mariani's matter. In the absence of a response, the respondent was directed, by letter dated December 9, 2008, to arrange for an examination under oath at the offices of the Grievance Committee. The respondent failed to either respond to the letter or arrange for an examination under oath.

On December 22, 2008, the respondent was served with a judicial subpoena to appear at the offices of the Grievance Committee for the purpose of giving sworn testimony regarding, inter alia, the Groben-Mariani complaint. The respondent appeared and testified on January 28, 2009.

## The Martinez Complaint

In or about June 2006, Steven A. Martinez retained the respondent to represent him in a divorce proceeding. Martinez paid the respondent a legal fee of $2,500. By November 21, 2006, Martinez and his wife had executed a stipulation of settlement of the divorce. The respondent thereafter failed to respond to some of Martinez's calls and failed to file documents with the court in order to finalize the matter.

By letter dated February 20, 2008, the respondent was provided with a copy of a written complaint dated January 17, 2008, which Martinez had filed against the respondent with the Grievance Committee. The respondent was directed to submit a

written answer to the Martinez complaint within 10 days. The respondent failed to reply. By certified letter dated March 24, 2008, the respondent was again directed to submit his written answer within 10 days. In his answer dated April 25, 2008, the respondent advised that he would prepare a divorce packet for submission to the court.

By letter dated September 5, 2008, the respondent was directed to submit a supplemental answer to the Martinez complaint within 10 days. The respondent failed to reply. By certified letter dated October 17, 2008, the respondent was directed to submit his supplemental answer to the Martinez complaint within five days. The respondent failed to reply. By certified letter dated November 5, 2008, the respondent was again directed to submit his written supplemental answer to the Martinez complaint within five days. The respondent failed to reply. By letter dated December 9, 2008, the respondent was requested to arrange for an examination under oath at the offices of the Grievance Committee. The respondent failed to do so.

On December 22, 2008, the respondent was served with a judicial subpoena directing him to appear at the offices of the Grievance Committee to give sworn testimony regarding, inter alia, the Martinez complaint. The respondent appeared under oath and testified on January 28, 2009. By subsequent letter dated February 8, 2009, the respondent advised that he was preparing the divorce package for submission to the court. However, as of December 2009, the respondent had failed to submit the documents required to finalize Martinez's divorce.

### The Bozena-Syska Complaint

In or about September 2007, the respondent was retained by Maria Bozena-Syska to represent her in a proceeding in Family Court. Bozena-Syska paid the respondent a legal fee of $2,500. In or about February 2008, Bozena-Syska requested that the respondent refund her $2,500 retainer. The respondent failed to refund the unearned legal fee. On June 26, 2008, pursuant to fee arbitration, the respondent and Bozena-Syska entered into a settlement wherein the respondent agreed to pay Bozena-Syska $1,000 within seven days. The respondent also agreed to furnish, within seven days, "witness statements, if any; any correspondence/notes with or about witnesses; [and] research done regarding the Administrative Judge before whom the case was to appear." By letter dated July 30, 2008, Bozena-Syska ad-

vised the Grievance Committee that the respondent had failed to comply with the arbitration settlement agreement.

On or about August 12, 2008, the respondent was provided with a copy of Bozena-Syska's July 30, 2008 letter. The respondent was directed to respond within 10 days. The respondent failed to reply. By certified letter dated November 5, 2008, the respondent was directed to submit his written answer to the Bozena-Syska complaint within five days. In the absence of a response, the respondent was requested, by letter dated December 9, 2008, to schedule an examination under oath at the offices of the Grievance Committee. The respondent failed to either respond to the letter or arrange for an examination under oath.

On December 22, 2008, the respondent was served with a judicial subpoena to appear at the offices of the Grievance Committee to give sworn testimony regarding, inter alia, the Bozena-Syska complaint. The respondent appeared and testified under oath on January 28, 2009. By subsequent letter dated April 1, 2009, the respondent conceded that he still owed Bozena-Syska the agreed-upon $1,000.

### The Torres Complaint

In or about February 2006, Josephine V.P. Torres retained the respondent to handle her divorce action. Torres paid the respondent an advance retainer fee of $5,000 on or about February 24, 2006. The respondent thereafter failed to return Torres's calls or attend scheduled meetings with her. After learning that a summons and complaint in the divorce action had been filed by Torres's prior counsel, the respondent took no action to further her legal matter, including, but not limited to, contacting her prior attorneys. On or about August 15, 2007, Torres requested that the respondent refund her $5,000 retainer. The respondent failed to refund the unearned legal fees. Torres ultimately filed a small claims action against the respondent, to obtain her refund. On September 18, 2008, Torres was awarded a judgment in the sum of $5,109.82.

By letter dated June 1, 2009, the respondent was provided with a copy of a written complaint dated May 22, 2009, which Torres had filed against the respondent with the Grievance Committee. The respondent was directed to submit a written answer to the Torres complaint within 10 days. By correspondence dated June 26, 2009, which was received by the Grievance Committee on or about June 29, 2009, the respondent acknowledged that he owed Torres unearned legal fees.

On July 10, 2009, the respondent appeared at the offices of the Grievance Committee and testified under oath regarding the Torres complaint. In or about July 2009, the respondent made a partial payment to Torres of $250. However, he failed to pay the balance of the unearned fee.

Charge one alleges that the respondent engaged in a pattern and practice of conduct that adversely reflects on his fitness as a lawyer by reason of the foregoing, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge two alleges that the respondent has been guilty of conduct prejudicial to the administration of justice by engaging in a pattern and practice of failing to timely cooperate with the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge three alleges that the respondent has engaged in a pattern and practice of neglecting client matters entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charge four alleges that the respondent has been guilty of failing to promptly refund unearned fees after being discharged by a client, in violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]).

Charge five alleges that the respondent has been guilty of failing to promptly deliver to a client or third person as requested by the client or third person the property in his possession (namely, the client's file) which the client or third person was entitled to receive, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

Charges six through eleven arise from a common set of facts relating to the respondent's misuse of his escrow account, as follows:

Between August 21, 2008 and April 20, 2009, the respondent maintained an attorney escrow account at Citibank entitled "Law Office of Andrew Donner, Attorney Trust Account, Attorney Escrow" (hereinafter escrow account).

On or about January 21, 2009, a $75 check payable to the Surrogate's Court, Nassau County, on behalf of a client was dishonored against the escrow account due to insufficient funds. By correspondence dated March 25, 2009, the respondent was directed to provide the Grievance Committee with a written answer in regard to the dishonored check, together with six

months of specified bank records for the escrow account. The respondent submitted a written answer on or about April 16, 2009, but failed to provide any bank records and/or a contemporaneous and accurate ledger for all financial transactions in this escrow account, which he failed to maintain. The Grievance Committee subpoenaed the respondent's bank records for the period August 21, 2008 through and including April 20, 2009.

Between August 21, 2008 and April 20, 2009, the respondent used the escrow account to deposit retainer fees received from clients, advance legal fees and the proceeds from the sale of his own house.

In or about January 2009, the respondent deposited a $10,000 check dated January 23, 2009, drawn on the account of Devinder S. Virk, containing the reference "down payment for 1307 Hillside Avenue," for services to be performed. The respondent never met Virk, had not entered into a retainer agreement with him, and never completed any legal work on his behalf. The respondent withdrew funds from his escrow account which depleted Virk's $10,000.

Between August 21, 2008 and April 20, 2009, the respondent used the escrow account to pay his own personal expenses to Long Island Power Authority, National Grid, Verizon Wireless, Cablevision, and Mercedes Benz. The respondent also made cash withdrawals from the escrow account and issued escrow checks made payable to "cash." In addition, the respondent made 85 ATM withdrawals from the escrow account.

The respondent is unable to accurately reconcile many of the transactions for the escrow account during the period August 21, 2008 through April 20, 2009, because he failed to maintain records of all deposits in and withdrawals from the escrow account.

Charge six alleges that the respondent has been guilty of engaging in conduct which adversely reflects on his fitness to practice law by misusing his attorney escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge seven alleges that the respondent has been guilty of commingling client funds with funds of his own, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Charge eight alleges that the respondent has been guilty of misappropriating Virk's funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Charge nine alleges that the respondent has been guilty of making "cash" withdrawals from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Charge ten alleges that the respondent has been guilty of failing to maintain a ledger or make accurate entries for all transactions for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9]).

Charge eleven alleges that the respondent has been guilty of failing to maintain required bookkeeping for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]).

Charges twelve through seventeen allege conduct prejudicial to the administration of justice, which reflects adversely on his fitness to practice law, arising from the respondent's failure to reregister as an attorney with the Office of Court Administration (hereinafter OCA) as well as his failure to properly respond to the Grievance Committee's lawful demands relative to two sua sponte investigations (failure to reregister and notification of a bounced check) and two client complaints alleging neglect, as follows:

### Complaint of Nancy Holland

By letter dated January 4, 2010, sent by first-class mail to the respondent's office address, the respondent was provided with a copy of a complaint dated October 26, 2009, filed against him by Nancy E. Holland (hereinafter the Holland complaint), alleging that the respondent had failed to finalize her divorce. The respondent was requested to submit a written response to the Holland complaint within 10 days.

On January 12, 2010, the respondent called the Grievance Committee's office to advise that he was in the hospital with a "ruptured knee." By telephone on January 19, 2010, the respondent advised the Grievance Committee's counsel that he was still in the hospital, and that he anticipated being released within a week. The respondent promised to respond to the Holland complaint as soon as he returned home.

By letter dated January 20, 2010, sent by first-class mail to the respondent's home address, the Grievance Committee provided the respondent with another copy of the Holland complaint and directed him to submit a written response by February 19, 2010. The respondent failed to submit a written

answer. By letter dated February 23, 2010, sent by certified mail to the respondent's home address, the respondent was directed to submit his written answer within 10 days. The respondent failed to submit his written answer. On March 12, 2010, Grievance Committee counsel called the respondent's cell phone and left a message requesting that he return the call. The respondent failed to return counsel's call. On March 15, 2010, the respondent advised Grievance Committee counsel by telephone that he would submit his written answer to the Holland complaint by March 19, 2010. The respondent failed to submit his written answer. By letter dated March 25, 2010, sent by certified mail to the respondent's home address, the respondent was directed to submit his written answer to the Holland complaint within 10 days. As of May 26, 2010, the respondent failed to submit an answer.

<u>Sua Sponte Investigation (Failure to Reregister)</u>

At an examination under oath held on January 28, 2009, the respondent was directed to reregister as an attorney with OCA. The respondent failed to comply.

At a further examination under oath held on June 26, 2009, the respondent was again directed to reregister as an attorney with OCA. The respondent failed to comply.

By letter dated January 4, 2010, sent by first-class mail to the respondent's office address, the Grievance Committee directed the respondent to reregister with OCA forthwith, to submit to the Grievance Committee proof of same, and to submit to the Grievance Committee a written answer within 10 days, explaining his failure to timely reregister. By telephone on January 19, 2010, the respondent advised that he would reregister. By letter dated January 20, 2010, sent by first-class mail to the respondent's home address, the Grievance Committee provided the respondent with another copy of its letter dated January 4, 2010. The respondent failed to respond to the Grievance Committee's January 20, 2010 letter, and failed to reregister. By letter dated February 23, 2010, sent by certified mail to the respondent's home address, the respondent was directed to submit his written answer within 10 days, and to submit proof of his reregistration within 45 days. The respondent failed to respond to the Grievance Committee's February 23, 2010 letter, and failed to reregister. On March 12, 2010, counsel for the Grievance Committee called the respondent's cell phone and left a message requesting that he return the call. The respondent failed to do

so. On March 15, 2010, the respondent advised counsel for the Grievance Committee, by telephone, that he would submit his written answer by March 19, 2010. The respondent failed to submit a written answer.

To date, OCA records reflect that the respondent has failed to reregister for the 2008-2009 and 2010-2011 biennial registration periods.

### Complaint of Domenico Ricotta

By letter dated March 24, 2010, sent by first-class mail to the respondent's home address, the respondent was provided with a copy of a complaint dated March 15, 2010, filed against him by Domenico Ricotta (hereinafter the Ricotta complaint), alleging that the respondent failed to complete the legal services for which he was retained. The respondent was requested to submit a written answer within 10 days. He failed to submit a written answer. By letter dated April 9, 2010, sent by certified mail to the respondent's home address, the respondent was requested to submit to the Grievance Committee a written answer to the Ricotta complaint within 10 days. The respondent failed to submit a written answer.

### Sua Sponte Investigation (Dishonored Check)

By letter dated April 9, 2010, sent by first-class mail to the respondent's home address, the Grievance Committee advised the respondent that a sua sponte investigation had been commenced against him based on a dishonored check notification, and directed him to submit a written answer and specified bank records within 20 days. The respondent failed to respond to the Grievance Committee's letter dated April 9, 2010. By letter dated May 4, 2010, sent by certified mail to the respondent's home address, the Grievance Committee directed the respondent to submit his written answer, and the previously requested bank records, within 10 days. The respondent has failed to submit a written answer.

Charge twelve alleges that the respondent has been guilty of engaging in conduct prejudicial to the administration of justice by failing to properly respond to the lawful demands of the Grievance Committee in connection with the Holland complaint, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge thirteen alleges that the respondent has been guilty of engaging in conduct prejudicial to the administration of justice

by failing to respond to the lawful demands of the Grievance Committee in connection with a sua sponte investigation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge fourteen alleges that the respondent has been guilty of engaging in conduct prejudicial to the administration of justice by failing to reregister as an attorney with OCA, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge fifteen alleges that the respondent has been guilty of engaging in conduct prejudicial to the administration of justice by failing to respond to the lawful demands of the Grievance Committee in connection with a complaint filed by Domenico Ricotta, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge sixteen alleges that the respondent has been guilty of engaging in conduct prejudicial to the administration of justice by failing to properly respond to the lawful demands of the Grievance Committee in connection with a sua sponte investigation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge seventeen alleges that the respondent has been guilty of engaging in conduct that adversely reflects on his fitness to practice law, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), based upon the factual specifications of charges twelve through sixteen, collectively.

Based upon the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all 17 charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee noted the personal difficulties described at length by the respondent. However, the Special Referee found that the respondent's hearing testimony was disingenuous as to his handling of the Virk funds, which were depleted, and that the respondent's conduct adversely reflects on his fitness as a lawyer. The respondent's prior disciplinary history consists of a letter of caution (February 1988) to refrain from using the term "non-refundable" in retainer agreements and advising that he is required to promptly pay, to a client, funds in his possession that the client is entitled to receive; a letter of caution (September 2006) to promptly reregister as an

attorney with OCA; and a letter of caution (December 2009) to promptly execute all change of attorney forms and promptly deliver to a client or third person the property in his possession that the client or third person is entitled to receive.

Under the totality of the circumstances, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BELEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Andrew Scott Donner, is disbarred, effective September 8, 2011, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Andrew Scott Donner, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Andrew Scott Donner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrew Scott Donner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).